96 So.2d 687

**George Wilburn DOWDY**

v.

**STATE.**

**8 Div. 934.**

Court of Appeals of Alabama.

Aug. 13, 1957.

W. A. Barnett, Florence, for appellant.

John Patterson, Atty. Gen., Bernard F. Sykes and Jas. W. Webb, Asst. Attys. Gen., for the State.

CATES, Judge.

February 21, 1956, Bert Robertson, a Highway Patrolman, made complaint before the clerk of the court below that Dowdy drove a motor vehicle upon a highway while intoxicated, Code 1940, Title 36, § 2, as amended.

A petit jury in the Law and Equity Court of Lauderdale County tried him on May 15, 1956, and found him guilty and assessed a fine of $110. Thence here on appeal from the trial court's judgment which followed the verdict, coupled with an added punishment of five days in the county jail.

The State's case was that about 5:15 P.M. on February 20, 1956, Dowdy was arrested by Robertson in the presence of three other patrolmen at a roadblock of Alabama Highway No. 2 in front of Central High School in Lauderdale County, after two of the officers chased him three or four miles northwesterly from the direction of Florence. The State offered the testimony of three of the arresting officers, each of whom stated that he smelled the odor of alcohol on Dowdy's breath and that from an observation of his demeanor and actions each described Dowdy as intoxicated.

Thurman Howard, on duty as jailer when, some twenty minutes later, Dowdy was brought to the county jail, gave testimony of the same tenor.

Dowdy produced a number of witnesses who had been with him and had observed him at different and varying intervals running back to a time almost two hours before his arrest. All testified that Dowdy appeared sober and drank nothing in their presence.

■ This contradictory tendency made the weight and credibility of evidence a question for the jury.

In his brief counsel for Dowdy raises a question arising under Code 1940, Title 41, § 223, which reads:

"No officer or person having the custody and control of the body or liberty of any person under arrest, shall refuse permission to such arrested person to communicate with his friends or with an attorney, nor subject any person under arrest to any form of personal violence, intimidation, indignity, or threats for the purpose of extorting from such person incriminating statements or a confession. Any person violating the provisions of this section shall be guilty of a misdemeanor."

It seems that the defendant demanded that the jailer make some arrangement so that he could be given a test to determine the amount of alcohol in his system.

■ Section 6 of our Constitution affords the defendant the right of compulsory process for material witnesses. In certain circumstances we can conceive that to have effective witnesses on subjects within the competence of experts a defendant needs to get in touch with the sought for expert promptly. This question is not presented here because we consider that the prisoner was not held incommunicado. Thus, from the cross examination of the jailer, we find:

"Q. I will ask you if he asked you for an opportunity to get a doctor? A. Yes, sir, he did.

"Q. Did you give him a chance to get a doctor? A. He used the phone, but whether he got anyone, I don't know."

We do not consider § 223, supra, applicable. The record is free from error, and accordingly the judgment below is due to be

Affirmed.